**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MOSAIC FINANCIAL, LTD., *et al*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MUTUAL SHAREHOLDER ) <br> SERVICES, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 1:23-CV-02064-JPC <br><br> JUDGE J. PHILIP CALABRESE <br> UNITED STATES DISTRICT JUDGE <br><br> MAGISTRATE JUDGE <br> JENNIFER DOWDELL <br> ARMSTRONG <br><br> **<u>REPORT AND RECOMMENDATION</u>** |

### I.  INTRODUCTION

Plaintiffs Mosaic Financial, Ltd. and Accuvest Global Advisors, Inc. ("Plaintiffs") allege that Defendants Mutual Shareholder Services, LLC ("MSS"), Steven Milcinovic, and Bob Anastasi ("Defendants") provided Plaintiffs with false and misleading information regarding the value of the assets in an investment fund run by a third party who subsequently pled guilty to investment advisor fraud.

This matter is currently before me pursuant to a referral from the Court to: (1) prepare a report and recommendation regarding whether partial summary judgment on liability issues would advance the case at this stage; and (2) set a briefing schedule and/or oversee discovery necessary to move the case toward resolution. (ECF No. 37). For the reasons set forth below, I conclude that partial summary judgment would not advance the case until the parties complete fact discovery. Accordingly, I recommend that the Court decline to set a briefing schedule on Plaintiffs' contemplated motion for partial summary judgment at this time. If the

Court agrees with my recommendation, I also propose a case management schedule for the completion of fact and expert discovery and for dispositive motions once discovery is completed.

## II. FACTUAL AND PROCEDURAL HISTORY

On October 20, 2023, Plaintiffs filed their complaint, which alleges that Defendants and then-Defendant Gregory Getts aided non-party Ofer Abarbanel in perpetrating a fraudulent investment scheme. (ECF No. 1). In particular, Plaintiffs allege that Defendants served as the administrators of the Income Collecting 1-3 Months T-Bills Mutual Fund (the "Fund), a fund that Abarbanel ran. Plaintiffs further allege that Defendants repeatedly provided false net asset value statements and other information to Defendants and disregarded red flags regarding the Fund's holdings. Plaintiffs claim that, as a result of Defendants' alleged wrongdoing, Mosaic lost approximately $30 million in principal, gains and accrued interest, advisory fees, and legal fees. Plaintiffs further allege that Accuvest lost $570,000 in advisory fees and over $40,000 in legal fees. In their complaint, Plaintiffs asserted claims for federal securities law violations, fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, and violations of Ohio and Utah securities laws.[1]

Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18). On February 18, 2025, the Court granted in part and denied in part Defendants' motion. (ECF No. 25). The Court dismissed Plaintiffs' Utah securities law claim and their claims against Mr. Getts. The Court also dismissed Accuvest's federal securities law claim, holding that Accuvest did not fall within the class of plaintiffs whom Congress authorized to sue. The Court otherwise denied

---

[1] The Court set forth a full description of Plaintiffs' claims and factual allegations in its Opinion and Order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' complaint. (ECF No. 25).

Defendants' motion to dismiss.

Following the Court's ruling, the parties engaged in written discovery, and have generally reported that such discovery is proceeding on schedule. The parties have not yet completed depositions.

On September 24, 2025, the parties filed a joint status report. (ECF No. 36). In the report, Plaintiffs asked the Court to set a briefing schedule on their contemplated motion for summary judgment regarding whether Defendants had a duty to confirm the accuracy of the net asset value reports that they provided to Plaintiffs. Defendants, by contrast, argued that it was premature to set a briefing schedule on a motion for partial summary judgment because the question of whether Defendants had a duty to confirm the accuracy of the reports was merely one issue in the case and because additional factual development was needed with respect to several other issues.

On October 1, 2025, the Court held a status conference, during which the parties discussed the possibility of Plaintiffs filing an early motion for partial summary judgment. (*See* ECF non-document entry dated October 1, 2025). On October 9, 2025, the Court referred the matter to me to determine "whether the record is sufficiently developed to support briefing on a motion for partial summary judgment or whether limited discovery is needed in connection with the same." (ECF No. 37). The Court further stated that, "based on her view of the record and discussion with counsel, the Court requests that the Magistrate Judge either set a briefing schedule or identify the discovery necessary to develop the record for full or partial summary judgment motions and oversee that discovery." *Id*. Finally, "[i]n addition or instead, the Magistrate Judge may conduct such other pretrial proceedings as necessary and appropriate to move this case toward resolution, except that the Magistrate Judge need not

prepare a report and recommendation on any dispositive motions." *Id*.

Following the referral, the parties appeared before me on November 3, 2025 for a status conference, at which the parties outlined their respective positions on whether it made sense to set a briefing schedule on Plaintiffs' contemplated motion for summary judgment, the parties' interest in participating in mediation, and the parties' position regarding what discovery would need to be completed prior to a potential mediation. Following the status conference, I ordered the parties to submit a joint status report by November 13, 2025 "addressing the following issues: (1) whether they are willing to mediate this case; (2) what limited discovery is necessary prior to a mediation taking place; and (3) identify three potential mediation dates that are mutually convenient for the parties." (*See* ECF non-document entry dated November 3, 2025).

Ob November 13, 2025, the parties submitted what they labeled a "joint status report." (ECF No. 38). But the report was not, in fact, a joint report. Rather, the parties stated that they had "agreed to submit separate sections . . . outlining their respective positions" and that "[n]either side has had the opportunity to review and address the others' position prior to the filing of this Report." *Id*. at PageID # 404. In their portion of the report, Plaintiffs argue that the case is ripe for summary judgment on all issues but damages. In particular, Plaintiffs assert that the Court should decide now the "key issue" of whether Defendants had a duty to verify the Fund's information before providing information to Plaintiffs. *Id*. at PageID # 408. Defendants, by contrast, argues that discovery, including depositions, should be completed before any mediation takes place.

On November 14, 2025, Plaintiffs filed a letter in response to Defendants' portion of the joint status report, in which Plaintiffs disputed Defendants' assertion that additional

discovery was needed on certain issues. (ECF No. 39). On November 18, 2025, Defendants filed a motion for leave to respond to Plaintiffs' portion of the joint status report and Plaintiffs' response letter, along with a proposed response. (ECF No. 40). I granted that motion on the same day. (*See* ECF non-document entry dated November 18, 2025). In their letter, Defendants argued that additional factual development, including depositions of Plaintiff's employees, was necessary before the parties could brief summary judgment.

### III. ANALYSIS

#### A. Whether Partial Summary Judgment Would Advance the Case at this Stage

After careful review of Plaintiff's Complaint, the Court's ruling on Defendants' motion to dismiss, and the parties' respective position statements, I conclude that proceeding with Plaintiffs' contemplated motion for partial summary judgment prior to the close of fact discovery is not likely to materially advance the progress of the case.

Plaintiffs argue that the case is ripe for partial summary judgment because the facts are essentially undisputed and the only issues before the Court are the legal questions of: (1) whether Defendants were entitled to rely on information Abarbanel provided; and (2) whether Defendants had any duty to provide Plaintiffs with accurate information. Plaintiffs further argue that depositions of their own employees can shed no light on those questions. Plaintiffs appear to acknowledge that it is relevant to their misrepresentation claims whether Plaintiffs actually relied on Defendants' alleged representations or MSS' status as an independent fund administrator, but they argue that the answer to that question is obvious and does not require discovery.

Plaintiffs' position is based on their assumption that the Court will ultimately agree with their view of what is relevant to the case. And Defendants notably flag other issues that may have some bearing on the Court's summary judgment analysis. For example, Defendants

5

note that, in denying their motion to dismiss the breach of fiduciary claims, the Court held that Ohio law "requires a fact specific inquiry to determine whether a purported business relationship has evolved into a fiduciary relationship," and stated that "additional factual development is necessary to allow the Court to decide whether Defendants owed Plaintiffs a fiduciary duty." (ECF No. 25, PageID # 308-09) (citations omitted). Defendants also assert that additional discovery could shed light on whether they acted with scienter or whether Plaintiffs actually or justifiably relied on Defendants' representations.

It is ultimately for the Court, not me, to determine what facts are relevant to Plaintiffs' claims. Given the current state of discovery and the Court's ruling on Defendants' motion to dismiss, however, there is a material risk that permitting summary judgment at this stage would inhibit, rather than further, the progress of this case and the interests of judicial economy. In particular, I note that Federal Rule of Civil Procedure 56(d) provides that, where the non-moving party requires additional discovery to respond to a motion for summary judgment, the court may defer or deny the motion, permit additional discovery, or enter any other appropriate order. *See* Fed. R. Civ. P. 56(d). "The purpose behind Rule 56(d) is to ensure that [a party] receive['s] 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)) (cleaned up).

Defendants cite to Rule 56(d) and several Sixth Circuit cases interpreting it in their response letter. Without prejudging the merits of any such motion, there is a meaningful possibility that Defendants would respond to a motion for partial summary judgment by filing a Rule 56(d) motion requesting the exact same categories of discovery that Defendants

6

currently seek to obtain before the parties engage in summary judgment briefing. If the Court grants such a motion, the parties will end up taking the same discovery anyway, only on a delayed schedule and after unnecessary summary judgment briefing has occurred.

I therefore recommend that the Court permit Defendants to complete fact discovery, including depositions, before the parties brief summary judgment. I recommend that such discovery include any remaining written discovery and depositions regarding: (1) whether there was a fiduciary relationship between the parties; (2) whether Plaintiffs relied on MSS' status an independent fund administrator; and (3) whether Plaintiffs justifiably relied on Defendants' representations (whether contained in the net asset value statements or otherwise) regarding the Fund's assets.

### B. Case Management Schedule

The Court's referral order also directs me to set a briefing schedule or to oversee the discovery necessary to move this case toward resolution. If the Court agrees with my recommendation that the case is not appropriate for partial summary judgment at this time, I intend to establish the following case deadlines:

**Fact Discovery Cut-Off**: April 1, 2026

**Initial Expert Reports Due:** May 1, 2026

**Rebuttal Expert Reports Due**: June 1, 2026

**Expert Discovery Cut-Off**: July 1, 2026

**Dispositive Motion Deadline**: August 3, 2026

Should the parties have any discovery disputes that they are unable to resolve without court intervention, they may bring the dispute to my attention in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. In addition, both parties have expressed a willingness to mediate the case at some point. Accordingly, if the above schedule

is entered, I intend to hold an in-person mediation in my chambers on April 15, 2026 following the close of fact discovery.

## IV. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that this case is not ripe for partial summary judgment on the issue of liability until the close of fact discovery.

Dated: December 5, 2025          */s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or

waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).